IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
AT SOUTH BEND

**DARLA KEMNETZ**
    AND
**TERRY KEMNETZ**
609 MAIN STREET
CRESCENT CITY, IL 60928

    PLAINTIFFS

- VS. -

WINNEBAGO OF INDIANA, LLC
C/O CT CORPORATION SYSTEM, S/A
334 NORTH SENATE AVENUE
INDIANAPOLIS, IN 46204

    DEFENDANT

CASE NO.

COMPLAINT AND JURY DEMAND

## PRELIMINARY STATEMENT

1. This case involves claims asserted under the Nevada and/or Indiana Uniform Commercial Code, the Magnuson Moss Warranty Act, and the Nevada Deceptive Trade Practices Act, 598.092 et seq.

2. Jurisdiction exists with this court because a federal claim exists in which there is more than $50,000 in controversy under 15 USC 2301 et seq, invoking 28 USC 1331, and/or the amount in controversy is more than $75,000 and is between citizens of different states, invoking 28 USC 1332.

3. The recreational vehicle which is the subject of this dispute was acquired by Plaintiffs in Nevada and was defective when acquired; was built and warranted by Defendant in final form in Indiana; ineffective warranty repair attempts were made

upon the subject recreational vehicle by Defendants' authorized dealerships in Nevada, and by Defendant itself in Indiana; Defendant controlled the speed and processing of warranty repairs from Indiana; Defendant controlled the decision to approve or deny warranty coverage for repairs in Indiana; the place where the relationship of the parties arose is Nevada and Indiana, because the warranty obligations of Defendant were made by Defendant in Indiana and were received by Plaintiffs with the purchase of the subject RV in Nevada; and Defendant advertised and solicited the sale of the RVs which it manufactured, in whole or in part, including Plaintiffs' RV, in Nevada and Indiana.

## IDENTIFICATION OF PARTIES

4. Darla Kemnetz and Terry Kemnetz are natural persons domiciled and residing in Illinois and are consumers and buyers within the meaning of applicable laws.

5. Defendant Winnebago of Indiana, LLC was at all times relevant a corporation doing business in Nevada and elsewhere and is the manufacturer of the subject RV that Plaintiffs acquired from Johnnie Walker Recreational Vehicles in Las Vegas, Nevada. Defendant has its principal place of business in Indiana and is domiciled in and is a citizen and resident of Iowa. Defendant was, at all times relevant, engaged in the business of selling and servicing recreational motor vehicles through its authorized dealerships and agents, including Johnnie Walker Recreational Vehicles, that it maintains in Nevada and elsewhere.

6. The recreational vehicle at issue in this case was manufactured as a complete recreational vehicle in Indiana, for distribution in Nevada and elsewhere, and was

warranted in whole or part by Winnebago of Indiana, LLC.

7. The Plaintiffs acquired the subject RV from Johnnie Walker Recreational Vehicles ("Johnnie Walker Recreational Vehicles" or "Dealer"), in Las Vegas, Nevada. At all times relevant, Johnnie Walker Recreational Vehicles was a supplier, merchant and an authorized representative and agent of Winnebago of Indiana, LLC in Nevada for sale of Winnebago of Indiana, LLC products in Nevada. At all times relevant, Johnnie Walker Recreational Vehicles was authorized by Winnebago of Indiana, LLC to act for it as its authorized agent and representative in Nevada in all respects related to the sale of the recreational vehicle involved in this case, and hundreds of other Winnebago of Indiana, LLC products sold by Johnnie Walker Recreational Vehicles.

8. The Plaintiffs presented the subject RV for repairs under the Winnebago of Indiana, LLC warranty to Johnnie Walker Recreational Vehicles, in Las Vegas, Nevada. At all times relevant, Johnnie Walker Recreational Vehicles was a supplier, merchant and an authorized representative and agent of Winnebago of Indiana, LLC in Nevada for the servicing of Winnebago of Indiana, LLC products in Nevada. At all times relevant, Johnnie Walker Recreational Vehicles was authorized by Winnebago of Indiana, LLC to act for it as its authorized agent and representative in Nevada in all respects related to the attempted performance of warranty repair and service work upon the subject new Winnebago of Indiana, LLC recreational vehicle, and hundreds of other Winnebago of Indiana, LLC products sold by Johnnie Walker Recreational Vehicles.

9. The Plaintiffs presented the subject RV for repairs under the Winnebago of Indiana,

LLC warranty to Bell Trailerplex in Amarillo, Texas.

### FIRST CLAIM: BREACH OF WARRANTY AND/OR CONTRACT

10. This case involves a defective 2021 Winnebago Voyage recreational vehicle that Defendant warranted and contracted to warrant but which it was not able to repair within a reasonable number of chances or a reasonable amount of time and whose warranty and contract Defendant breached.

11. The allegations of all other paragraphs and claims in this pleading are incorporated as if fully rewritten herein.

12. This claim is for breach of warranty and contract by Defendant in Nevada and/or Indiana.

13. As a result of the above, and the allegations below, inter alia, Defendant breached its warranty and/or contract to the injury of Plaintiffs and that was deceptive and/or fraudulent to Plaintiffs.

14. At all times relevant, Johnnie Walker Recreational Vehicles was a supplier and merchant and an authorized representative and agent of Defendant. Johnnie Walker Recreational Vehicles was authorized by Defendant to act for it in all respects related to warranty repair work performed or attempted on the subject recreational vehicle. Plaintiffs acquired the subject RV from Johnnie Walker Recreational Vehicles.

15. On or about December 30, 2020 the parties entered into a consumer transaction, in that Plaintiffs agreed to acquire from the Dealer, the Dealer agreed to sell to Plaintiffs, under the terms of a finance agreement with America First Credit Union, and Defendant contracted and/or agreed to warrant the recreational vehicle to be

free from defects and/or that it would repair and/or replace any defect which it contracted and/or warranted against, the goods being a certain 2021 Winnebago Voyage recreational vehicle believed to bear VIN # 54CFV5121M6060591, and whose total cost including financing and down payment is $84,184.00.

16. Plaintiffs acquired the recreational vehicle in reliance on the existence of a written warranty and/or contract from Defendant and on advertising representations and/or warranties of Defendant.

17. The purpose of Defendant's warranty was (a) to get the RV fixed within a reasonable amount of time and within a reasonable number of attempts if a defect arose, and (b) to give Plaintiffs confidence in the reliability and quality of the RV, and (c) to give Plaintiffs confidence in the defendant's representations about the subject recreational vehicle and the recreational vehicles defendant designed and built, and (d) to give Plaintiffs confidence in defendant itself as a responsible company that lived up to its representations, its word, and its warranties.

18. After acquiring the recreational vehicle, Plaintiffs discovered that it did not conform to the representations of Defendant inasmuch as it developed continuing malfunctions, defects and problems and that was deceptive and/or fraudulent to Plaintiffs.

19. The defects in the RV, which were substantial and existed in the materials and workmanship caused by Winnebago of Indiana, LLC, included, but are not limited to: Auto Level on Wet Bay Control Does Not Work, Leveling System Auto Hitch Height Malfunction, J-Box Wire Damage, Kitchen Pantry Crown Molding Loose, Black Tank Leak, Grey Tank Leak, RV Hook Up To Trailer Causes Truck Fuse Blow,

Front Cap Trim Loose at Roadside Pin Box, Tank Drain Cap Leaks, Bedroom Slide Wall Ripples in Finish, Refrigerator Makes Loud Noise, Crack in Off Door Side Wall From Compartment to Slide Out, Sanitize/Winterization Port Leaks, Bathroom Vanity and Medicine Cabinet Door Loose, Radio Malfunction, Seal on Kitchen Fan Loose, Bedroom A/C Frame Buckled and Bent, Patio Awning Loose, Shower Door Panel Damaged, Kitchen Slide Interior Trim Detached, Entrance Door Trim Loose, Main Slide Out Exterior Trim Loose, Rain Leak Behind Cabinets and Refrigerator Enclosure, Kitchen Window Shade Malfunction, Interior Wall Cracked by Entrance, TV Volume Inadequate on Max, Blue High Pressure Coil Hose Malfunction, Loose Nail in Bedroom Hallway, Brakes, Wiring, and 7 Way Plug Malfunction, Replace Wall Skin, Damaged LED Strip, among other things.

20. Defendant was notified of defects and non-conformities in the recreational vehicle and the authorized repair facility's failed repair attempts repeatedly prior to filing this case. However, Defendant never bothered to respond.

21. In all respects, Plaintiffs substantially if not completely performed their obligations under the RV's warranty from Winnebago of Indiana, LLC and Winnebago of Indiana, LLC did not perform its obligations, as set forth herein above and below.

22. Because of the contract and/or warranty-covered defects, Plaintiffs notified Defendant and/or one of its authorized servicing dealers of the numerous defects and on various dates delivered the motor coach into the possession of defendant and/or one of its authorized servicing dealers at their cost and/or expense beginning shortly after the sale.

23. On or about April 1, 2021, Plaintiffs presented the RV for repair under the

Winnebago of Indiana, LLC warranty to Winnebago of Indiana, LLC's authorized service facility Johnnie Walker Recreational Vehicles for 3 days for repair of the following defects:

- Black Tank Leak;
- Gray Tank Leak;
- Patio Awning Loose;
- Auto Level on Wet Bay Control Does Not Work;
- Leveling System Auto Hitch Height Malfunction;
- J Box Wire Damage;
- Kitchen Panty Crown Molding Loose.

24. On or about July 8, 2021, Plaintiffs presented the RV for repair under the Winnebago of Indiana, LLC warranty to Winnebago of Indiana, LLC's authorized service facility Johnnie Walker Recreational Vehicles for 3 days for repair of the following defects:

- Black Tank Leak;
- Gray Tank Leak;
- Brakes, Wiring and 7 Way Plug Malfunction;
- RV Hook-Up to Trailer Causes Truck Fuses to Blow;
- Patio Awning Loose;
- Front Cap Trim Loose at Roadside Pin Box;
- Tank Drain Cap Leaks;
- Bedroom Slide Wall Ripples in Finish;
- Crack in Off Door Side Wall from Compartment to Slide Out;
- Refrigerator Makes Loud Noise;
- Seal on Kitchen Fan Loose;
- Sanitization/Winterization Port Leaks;
- Radio Malfunction;
- Bathroom Vanity and Medicine Cabinet Door Loose;
- Damaged LED Strip.

25. On or about November 5, 2021, when traveling, the RV's brakes failed and Plaintiffs had Bell Trailerplex, in Amarillo, Texas, make repairs so that they could get the RV home.

26. On or about December 7, 2021, the RV was take to the Winnebago of Indiana, LLC

factory service center, in Middlebury, Indiana, for repair under the Winnebago of Indiana, LLC warranty for 220 days for the following defect repairs:

- Crack in Off Door Side Wall from Compartment to Slide Out;
- Sanitization/Winterization Port Leaks;
- Bathroom Vanity and Medicine Cabinet Door Loose;
- Radio Malfunction;
- Seal on Kitchen Fan Loose;
- Bedroom A/C Frame Buckled and Bent;
- Patio Awning Loose;
- Shower Door Panel Damaged;
- Kitchen Slide Interior Trim Detached;
- Entrance Door Trim Loose;
- Main Slide Out Exterior Trim Loose;
- Rain Leak Behind Cabinets and Refrigerator Enclosure;
- Kitchen Window Shade Malfunction;
- Interior Wall Cracked by Entrance;
- TV Volume Inadequate on Max;
- Blue High Pressure Coil Hose Malfunction;
- Loose Nail in Bedroom Hallway;
- Brakes, Wiring and 7 Way Plug Malfunction;
- Replace Wall Skin.

27. Plaintiffs had numerous telephone calls with Winnebago of Indiana, LLC and its dealers and/or other entities for help with the RV and during most if not all of these, Plaintiffs were in Illinois.

28. In addition to the above phone calls, a series of written emails occurred between the parties, with Plaintiffs sending and receiving emails while in Illinois for most if not all of them.

29. After being in the repair shop for 4 times and being out of service about 31 days in the first year and 227 days in the first 18 months, not being road worthy for about 201 days during the first year, and accumulating about 10 repeat defects and 31 defects since its acquisition, Plaintiffs notified Defendant that they wanted their money back but Defendant never responded to their request.

30. In spite of Defendant's obligations, when Plaintiffs complained of the inability of Defendant and its authorized warranty-repair facility to repair the RV, Defendant did not repair or replace or repurchase the subject RV.

31. Prior to filing this case, including on June 24, 2022 and one or more other dates, Plaintiffs provided notice to Defendant about its abusive and/or unfair and/or deceptive and/or unconscionable acts, practices and failures to live up to its warranty and/or contract.

32. Instead of performing as represented, Defendant did not repair all defects in the RV once and for all time. In short, the defects were not repaired, Plaintiffs lost all confidence in the reliability and quality of the RV, and Plaintiffs lost all confidence in Winnebago of Indiana, LLC as a company.

33. As a result, Defendant breached its express and/or implied warranties and/or contract and committed one or more abusive and/or unfair and/or deceptive and/or unconscionable acts and/or practices which are uncured.

34. As a result, Defendant's warranty and warranty contract failed of its essential purpose and any limitations contained within the warranty and/or contract are null and void and Plaintiffs are entitled to all applicable legal and equitable remedies in law.

35. In addition, any limitations contained within the warranty and/or contract are null and void and without consideration and Plaintiffs are entitled to all applicable legal and equitable remedies in law.

36. Through its advertising and otherwise, Defendant represented that the recreational vehicles it built were fit for the purpose for which they were designed, that they are

safe and suitable recreational vehicles for their intended designed use, reliably operable for private transportation and Plaintiffs acquired the recreational vehicle in reliance upon the belief that Defendant possessed a high degree of manufacturing skill and judgment.

37. Through its advertising and otherwise, Defendant represented that the recreational vehicles which it manufactured were of merchantable quality, fit and in proper condition for the ordinary use for which such recreational vehicles are designed and used, and Plaintiffs relied on such, but the recreational vehicle involved in this case was not, however, of merchantable quality and that was deceptive and/or fraudulent to Plaintiffs.

38. The malfunctions and defects in the recreational vehicle severely and substantially impaired its use and/or safety and/or value to Plaintiffs and that was deceptive and/or fraudulent to Plaintiffs.

39. Defendant's failure to timely fix all of the recreational vehicle's defects has caused Plaintiffs to lose confidence in the reliability of the subject recreational vehicle and in the ability of defendant to repair the recreational vehicle's defects and that was deceptive and/or fraudulent to Plaintiffs.

40. Plaintiffs provided Defendant and/or one or more of its authorized dealers with a reasonable number of opportunities to repair the recreational vehicle but they have each neglected, failed, refused or otherwise been unable to do so within a reasonable amount of time or a reasonable number of attempts

41. As a result of the above facts, Defendant breached its warranties and/or contract and/or representations with respect to the recreational vehicle.

42. One or more of the defects and malfunctions in the recreational vehicle were covered under the terms of Defendant's warranties and/or contract, and defendant failed to repair the recreational vehicle, thereby diminishing the use and/or safety and/or value of the recreational vehicle and that was deceptive and/or fraudulent to Plaintiffs.

43. Defendant and/or one or more of its authorized dealers had notices of the breaches of the warranty and/or contract and the defective condition of the subject recreational vehicle within a reasonable time.

44. Plaintiffs suffered and shall continue to suffer actual, incidental and consequential damages as a direct and proximate result of the inability or other failure of Defendant's authorized representatives to repair or replace the recreational vehicle or refund its price and that was deceptive and/or fraudulent to Plaintiffs.

## SECOND CLAIM: MAGNUSON MOSS WARRANTY ACT

45. The allegations of all other paragraphs and claims in this pleading are incorporated as if fully rewritten herein.

46. This claim is for breach of express and/or implied warranties and/or contract of warranties and/or Defendant's violation of its obligations under the Magnuson-Moss Warranty Act, 15 U.S.C. 2301, et seq, including but not limited to its obligations to comply with its warranties and/or contract and/or to make its warranty term disclosures and its actions in full compliance with all provisions of the Warranty Act and its applicable regulations.

47. As a result of the above, among other things, Defendant has breached its obligations

under the Warranty Act and/or its applicable disclosure and/or other regulations and that was deceptive and/or fraudulent to Plaintiffs.

48. As a result of the above, among other things, Defendant breached its obligations to make its warranty term disclosures and its actions in full compliance with all provisions of the Warranty Act and the applicable Code of Federal Regulations.

49. As a result of the above, inter alia, Defendant is in violation of the Warranty Act.

### THIRD CLAIM: NEVADA DECEPTIVE TRADE PRACTICES ACT

50. The allegations of all other paragraphs and claims in this pleading are incorporated as if fully rewritten herein.

51. This claim is for violation of the Nevada Deceptive Trade Practices Act, 598.092 et seq., by Defendant.

52. As a result of the above, among other things, Plaintiffs were a victim of consumer fraud by Defendant, in that Defendant committed one or more deceptive acts or trade practices in relation to Plaintiffs, including but not limited to:

    A. Before, during or after a consumer transaction with Mr. and Mrs. Kemnetz Defendant did represent to a consumer, here Mr. and Mrs. Kemnetz, that the subject of a consumer transaction had performance, characteristics, accessories, uses, or benefits it did not have, and under such circumstances where Defendant knew or should reasonably have known it did not have same.

    B. Before, during or after a consumer transaction with Mr. and Mrs. Kemnetz Defendant did represent to a consumer, here Mr. and Mrs. Kemnetz, that the

      subject of a consumer transaction is of a particular standard or quality when it was not, and under such circumstances where the supplier knew or should reasonably should have known it did not have same.

C. Before, during or after a consumer transaction with Mr. and Mrs. Kemnetz Defendant did represent to a consumer, here Mr. and Mrs. Kemnetz, that the transaction involved or did not involve a warranty, a disclaimer of warranties, or other rights, remedies or obligations when the representation was false and/or not true, and under such circumstances where Defendant knew or should reasonably have known it did not have same and/or was false or not true.

D. Defendant, through its authorized dealer, used coercion, duress and intimidation by forcing Mr. and Mrs. Kemnetz into a 10 year loan, that they expressed was not long enough.

E. Defendant, through its authorized dealer, misrepresented to Mr. and Mrs. Kemnetz about how customer service oriented they were and promised timely and expert repairs to "get them on their way in no time". However, Mr. and Mrs. Kemnetz were passed from one service personnel to the next trying to set up an appointment to repair the RV defects, and then once finally in the shop, the repairs were not done properly and/or took months to complete.

F. There came a point in time in its dealings with Mr. and Mrs. Kemnetz that Defendant did know or reasonably should have known that it had failed to remedy defects of its warranted consumer goods, being the subject RV, within a reasonable amount of time and/or within a reasonable number of attempts

and it had failed to honor a request by the owner, a consumer, of the goods, being the subject RV, to take the recreational vehicle back and/or rescind and/or cancel a sales and warranty.

G.  Defendant, through its authorized dealer, was notified by Mr. and Mrs. Kemnetz that the RV brakes were defective among other defects. The authorized dealer failed to make repairs to the brakes on May 4, 2021 and July 8, 2021. Then, subsequent the July 8, 2021 repair, Defendant's authorized dealer refused look at or repair the RV's brakes;

H.  Defendant, through its authorized dealer, misrepresented to Mr. and Mrs. Kemnetz that the RV brakes were completely repaired and that they only needed to be seated. However, the RV brakes were not repaired after July, 8, 2021;

I.  Defendant refused to recognize, honor and/or accept the rights of a consumer, here Mr. and Mr. Kemnetz, under the Commercial Code when the only remedy afforded by Defendant's written and/or implied warranties failed of its purpose, or Defendant did that and Defendant knew it was doing so;

J.  Defendant required in its warranty that Mr. and Mr. Kemnetz provide written notice before filing suit, but then stalled and delayed and never bothered to even respond to Plaintiffs' written notice.

K.  There came a point in time in its dealings with Mr. and Mrs. Kemnetz that Defendant did know or reasonably should have known that it had an obligation that its written warranty on consumer goods, being the subject RV, would comply with the requirements of the Magnuson Moss Warranty Act

and/or its applicable regulations but it did not do so and was not doing so.

53. As a result of the above, inter alia, Defendant willfully committed one or more deceptive acts or trade practices causing Plaintiffs damage in violation of the Nevada Deceptive Trade Practices Act, before, during or after a consumer transaction between one or both Plaintiffs and a supplier in relation to the 2021 Winnebago Voyage.

**WHEREFORE**, judgment is demanded against Defendant as deemed proper and lawful by the Court, cumulatively and/or alternatively as follows:

## PRAYER FOR RELIEF

1. On the first claim, statutory and other damages, remedies, and relief as deemed proper and lawful by the Court, for more than $50,000 and in such amount as may be proven at trial;

2. On the second claim, statutory and other damages, remedies, and relief as deemed proper and lawful by the Court, for each and every violation that may be proven at trial;

3. On the third claim, damages and/or statutory damages, treble damages, and other damages, remedies, and relief as deemed proper and lawful by the Court, for each and every violation that may be proven at trial.

## ALTERNATIVE PRAYER FOR RELIEF

Or, in the alternative to the damages set forth in the prayer above on any appropriate claim as proven by the evidence and allowed by law, rescission and/or revocation of acceptance plus all damages and/or statutory remedies and relief as deemed proper,

equitable and lawful by the Court, for each and every violation which may be proven at trial;

**Plus** on each and every claim, expenses of suit and litigation, interest from the date of acquiring the RV, and an Order finding Plaintiffs to have rescinded and/or revoked acceptance, reasonable attorney fees, plus all costs, and any and all other legal and equitable relief deemed necessary and just.

Plaintiffs demand trial by jury on all claims and issues.

Respectfully submitted,

/s/ Elizabeth Ahern Wells_____
ELIZABETH AHERN WELLS
Attorney for Plaintiffs
8250 Washington Village Drive
Dayton, OH 45458-1850
Telephone:   937.432.9500
Fax:         937.432.9503
Email:       Beth@BurdgeLaw.com

\\bl-dc\Data\data\Kemnetz, Darla & Terry\Core Pleadings\Core Complaint 082522 bw.wpd